

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711
May 11, 1971

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Honorable Henry Wade
District Attorney
Dallas County Governmental Center
Dallas, Texas   75202

Opinion No. M-853

Re:  Whether a rubber stamp
engraved as directed
by Article 5960 V.C.S.,
may be used by a Notary
Public as his official
seal to validate his
acts of office.

Dear Sir:

You have requested from this office an official opinion
on the following question:

"Whether the authentication of his official act by a
Notary Public by the use of a seal of office made by
the imprint of a traditional rubber stamp showing a
star of five points in the center and the words
'Notary Public, County of _____, Texas' around the
margin (the blank to be filled with the name of the
County for which the Officer is appointed), thus, by
the use of an ink pad, making a printed impression
as opposed to the traditional stamped or embossed
impression, is authorized under Article 5960, RCS."

The controlling statute is Article 5960, Vernon's Texas
Statutes which reads as follows:

"Each notary public shall provide a seal of office,
whereon shall be engraved in the center a star of
five points, and the words, Notary Public, County
of _____, Texas, around the margin (the blank
to be filled with the name of the County for which
the officer is appointed), and he shall authenticate
all his official acts therewith."

Such a statute is subject to a liberal construction and a substantial compliance therewith obtains. 53 Tex. Jur 2d 298, Statutes, Sec. 194; also pages 16-17, Sec. 9. The specific directive of such statute is in regard to the text and form of a particular device or design to be engraved on the instrument referred to therein as a seal of office. Nothing in this statute or in the Constitution of Texas, nor in any other statute of this State or prior Constitution thereof, including the Constitution of the Republic of Texas, requires the use of any particular material in the construction of any seal, notarial or otherwise.

The Chief Justices of the several county courts of the Republic of Texas were, ex officio, the first notaries public of the Republic and the first Congress thereof specified the seal to be used for such Courts, and for a notarial seal as well, to appear as follows: "with the style of the Court around the margin thereof, and a star of five points in the centre." Laws of Texas, 1833-40, Vol. 1, p.151.

The first Constitution of the State of Texas authorized the Governor, with the advice and consent of the Senate, to appoint a convenient number of notaries public, but no mention was made of a seal of office for such officers. The early laws of this State often referred to the official hand and seal of notaries public but we have been unable to find any statute prescribing a form for such seal until 1876. The notary public seal prescribed by statute in that year was identical with the one described and authorized by our present Article 5960. Acts of 1876, p.29.

Obviously, the use of the term "engraved" in Article 5960 to denote the means by which the device or design was to be made to appear on such seal, referred only to the instrument therein designated as a seal of office to be provided by each notary public and used to authenticate all his official acts, and did not refer to the impression of such seal made to appear on any instrument of writing being authenticated thereby.

The word "engrave" is defined in Webster's Third New International Dictionary as meaning: "to produce (as letters, figures, or devices) by means of incised lines, spaces or points." The word "incised", used in the foregoing definition, is defined by Webster as: "made with or as if with a sharp knife or scalpel: clean and well defined."

We can see no deviation from the next foregoing definition of the process of engraving in the construction of an ordinary rubber stamp, as described in your question, which bears the insignia and words properly placed thereon according to the statute involved. Undoubtedly, in order for the stamp to print a legible ink impression on an instrument, the device thereon necessarily would have to have been produced on the rubber face of the stamp by some means as if with a sharp knife: clean and well defined. The actual means of producing such lines on the rubber stamp, whether by casting, moulding, etching, carving or otherwise, are of no consequence, as it is the character of the lines produced that constitutes engraving, not the means of their production nor even the character of material upon which such lines are produced, according to the general sense of Webster's definitions. A word of caution, however, is here directed to the users of such stamps. An indelible ink pad would seem to be necessary for transferring the impression of such type of seal onto an instrument of writing in order to complete the act of authentication envisaged by the statute - that is, an impression of some degree of durability which would tend to avoid the fact question raised in the early case of Stooksberry v. Swan (civ.app.1893) 21 SW 694; (Tex.Sup.Ct.1893) 22 SW 963.

In view of the foregoing, it is the Opinion of this office that your question should be answered in the affirmative.

## S U M M A R Y

A seal of office of a notary public fashioned as rubber stamp engraved as defined in Article 5960, V.C.S., is authorized by the statute and an indelibly inked imprint thereof impressed upon a proper instrument by such notary public to authenticate his official act is sufficient in law to constitute the use of his official seal of office thereon.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Marietta McGregor Payne
Jay Floyd
Brandon Bickett

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant